United States District Court
Southern District of Texas
**ENTERED**
April 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-332 |
| | § | |
| ESTELA PUENTE VARGAS, | § | |
| | § | |
| Defendant. | § | |

# **OPINION AND ORDER**

The Court now considers the motion for default judgment[1] filed by Joe Hand Promotions, Inc. ("Plaintiff") against Estela Puente Vargas d/b/a Los Amigos Bar ("Defendant").[2] Defendant has not responded and the time for doing so has passed. After duly considering the record and relevant authorities, the Court **GRANTS** the motion as follows.

## I. BACKGROUND

This is a suit filed under the Federal Communications Act of 1934[3] ("Communications Act").[4] Plaintiff alleged it was granted the exclusive right to broadcast *Miguel Cotto vs. Canelo Alvarez* ("Program"), and that on November 21, 2015, Defendant broadcast the Program at her establishment, Los Amigos Bar, without paying sublicense fees to Plaintiff in violation of the Communications Act.[5]

---

[1] Dkt. No. 12.
[2] Dkt. No. 11.
[3] *See* 47 U.S.C.S § 553; and 47 U.S.C.S § 605.
[4] Dkt. No. 1.
[5] *See id.*

Though properly served,[6] Defendant did not appear or respond, and Plaintiff sought entry of default.[7] Accordingly, default was entered by the Clerk of Court.[8] Plaintiff subsequently filed the instant motion for a default judgment.[9] Plaintiff pled its complaint in the alternative under both 47 U.S.C. § 553 and § 605;[10] and in this motion Plaintiff seeks a default judgment and statutory damages under only § 605.[11] Defendant has again not responded and the time for doing so has passed, rendering the motion unopposed by operation of the Local Rules.[12] The Court now turns to its analysis.

## II.     LEGAL STANDARD

Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment.[13] Here, Defendant has defaulted by failing to answer or otherwise appear in this case. Thus, entry of default has been made against Defendant by the Clerk of Court.[14] The only remaining question is whether the third step—actual entry of default judgment—is appropriate.

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes entry of default judgment with court approval. It is a drastic remedy, resorted to only in extreme situations.[15] Nevertheless, default judgment determinations are left to the sound discretion of the district court.[16] Determining the propriety of default judgment is itself a three-step process. *First*, the Court must determine if default judgment is procedurally proper, countenancing six factors:

---

[6] *See* Dkt. No. 6 (service executed on Defendant on November 16, 2018 by personal service).
[7] Dkt. No. 7.
[8] Dkt. No. 11.
[9] Dkt. No. 12.
[10] *See* Dkt. No. 1.
[11] Dkt. No. 11 p. 3, ¶ 8.
[12] L.R. 7.2–7.4 of the United States District Court of the Southern District of Texas.
[13] *Bieler v. HP Debt Exch., LLC*, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)).
[14] Dkt. No. 11.
[15] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[16] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.[17]

*Second*, if default judgment is procedurally proper, the Court must determine whether the plaintiff's claims are substantively meritorious.[18] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied against him are valid.[19] When analyzing the merits of a claim, courts may assume the truth of all well-pled allegations in the plaintiff's complaint.[20] *Third*, if the plaintiff's claims are meritorious, the Court must determine whether the requested relief is appropriate.[21] In particular, Rule 54(c) dictates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[22]

### III. LEGAL ANALYSIS

#### A. *Default Judgement is Procedurally Proper*

The record does not reveal any material fact issues, and the grounds for default are clearly established—Defendant has not answered or appeared. There is no indication in the record that these failures were somehow made in good faith or otherwise excusable, and for that reason, there is no basis for the Court to believe it would be obligated, upon motion, to vacate default judgment against Defendant. Moreover, and again due to Defendant's failure to answer or otherwise appear, default judgment cannot—procedurally speaking—be properly

---

[17] *Bieler*, 2013 WL 3283722, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).
[18] *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[19] *See id*.
[20] *Id*.
[21] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).
[22] Fed. R. Civ. P. 54(c).

characterized as unduly harsh or prejudicial. For these reasons, default judgment against Defendant is procedurally proper.

B. *Plaintiff's Communications Act Claim is Substantively Meritorious*

Plaintiff's complaint alleges Defendant violated 47 U.S.C. § 605, which applies to the receipt of communications through the air via radio, such as satellite communications.[23] Section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."[24] Section 605, as well as § 553, are intended to provide for criminal and civil penalties and remedies to "protect the revenue of television cable companies from unauthorized reception of their transmissions."[25] To recover for a violation under § 605 of the Communications Act, a plaintiff must prove that a defendant, without authorization, intercepted or otherwise unlawfully appropriated a radio communication and published it to any person.[26]

Here, the Court finds that based on the well-pleaded allegations in Plaintiff's Complaint, and the evidence provided in the motion for default judgment, Plaintiff is entitled to the relief requested. Defendant's default serves as an admission of well-pleaded facts,[27] and Plaintiff has additionally attached evidence in support of its allegations.[28]

Plaintiff's evidence and the facts as pled in the Complaint establish that Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefighting, and Plaintiff alone possessed the proprietary rights to exhibit and sublicense the Program on

---

[23] *See* Dkt. No. 1; *see also J&J Sports Prods., Inc. v. Mandell Fam. Ventures, L.L.C.*, 751 F.3d 346, 350-53 (5th Cir. 2014) (distinguishing § 605 from § 553).
[24] 47 U.S.C.S. § 605.
[25] *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (quotations omitted).
[26] See 47 U.S.C.S § 605; Mandell Family, 751 F.3d at 352-53.
[27] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[28] *See* Dkt. Nos. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7.

November 21, 2015 in Texas.[29] Plaintiff attests that in order to safeguard against unauthorized receipt of the Program, the interstate satellite transmission was electronically coded and was not available or intended for use by the public.[30] Thus, in Texas, only commercial establishments authorized by Plaintiff via contract could exhibit the Program.[31]

Defendant conducted business at Los Amigos Bar on the date of the Program, November 21, 2015, and did not contract with Plaintiff to exhibit the Program.[32] However, an eyewitness hired by Plaintiff ("Auditor"), provides an affidavit attesting that on the night of November 21, 2015, Defendant's establishment, Los Amigos Bar, displayed the Program to approximately 43 people on two screens.[33] Finally, Plaintiff provides evidence that Defendant could not have "mistakenly, innocently, or accidentally" displayed the Program because the Program was "scrambled."[34] Thus, in order to broadcast the Program Defendant must have done some wrongful action, such as using an unauthorized decoder or illegally altering a cable or satellite service.[35]

Plaintiff has established that Defendant, without authorization, intercepted or otherwise unlawfully appropriated the Program and published it to the patrons at Los Amigos Bar sufficient to establish a violation of the Communications Act.[36] Accordingly, all the elements of a claim under 47 U.S.C. § 605 are met, rendering Plaintiff's claim substantively meritorious.

---

[29] Dkt. No. 1 pp. 2–3, ¶¶ 6–9; Dkt. No. 12-2 p.2, ¶ 4 (Affidavit of Joe Hand, Jr., president of Plaintiff); Dkt. No. 12-3 p. 1, ¶ 1(a) (Copy of Closed-Circuit Television Agreement).
[30] Dkt. No. 12-2 p. 4, ¶ 10.
[31] Dkt. No. 1 pp. 2–3, ¶¶ 6–9; Dkt. No. 12-1 p. 3, ¶ 8; *see also* Dkt. No. 12-4 (advertisement of prices for purchasing rights to exhibit the Program from Plaintiff).
[32] *See* Dkt. No. 1 pp. 1–2 ¶ 2, p. 3, ¶ 9; Dkt. No. 12-1 (state of Texas records indicating Defendant owned and was licensed to operate Los Amigos Bar on November 15, 2015).
[33] Dkt. No. 12-5 (Affidavit of Auditor).
[34] Dkt. No. 12-2 p. 4, ¶ 11.
[35] *Id.*
[36] See 47 U.S.C.S § 605; *Mandell Family*, 751 F.3d at 352-53.

The Court now turns to determine whether Plaintiff is entitled to the relief that Plaintiff seeks.

C. *Plaintiff is Entitled to Relief Sought*

Plaintiff is seeking statutory damages pursuant to 47 U.S.C. § 605(e).[37] In lieu of actual damages Plaintiff seeks statutory damages in the amount of $10,000,[38] and additional damages for Defendant's willful violation in the amount of $50,000.[39] Plaintiff also seeks attorney's fees in the amount of $1,475 and costs in the amount of $475.[40]

Plaintiff argues that it has been deprived of the benefits and profits derived from the unauthorized broadcast of the Program.[41] Specifically, Plaintiff argues it has lost customers, and that Plaintiff suffers ongoing loses to its goodwill and reputation which causes Plaintiff to suffer revenue losses, and that these damages are incalculable.[42] Plaintiff argues that Defendant willfully violated § 605 because the Program could not have been accidentally displayed, and thus significant additional damages should be utilized to deter future similar violations.[43]

Section 605(e) provides for damages "in a sum of not less than $ 1,000 or more than $10,000, as the court considers just . . . ."[44] Under the statute, a private party, such as Plaintiff, may recover either its actual damages or statutory damages, as well as full costs and reasonable attorney's fees.[45] Additionally, if the court finds that the defendant acted willfully and for the

---

[37] Dkt. No. 12; *see* 47 U.S.C.S § 605(e)(3)(C)(i)(II).
[38] Dkt. No. 12 p. 8, ¶ 20.
[39] *Id.* at p. 15, ¶ 42.
[40] *Id.* at p. 15, ¶¶ 43–44.
[41] *Id.* at p. 10, ¶ 27.
[42] *Id.* ¶¶ 28–29.
[43] *Id* at p. 14, ¶ 41.
[44] 47 U.S.C.S § 605(e)(3)(C)(i)(II); *see also Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 445 (5th Cir. 2013) (affirming an award of statutory damages and attorney's fees for a violation of § 605).
[45] *See* 47 U.S.C. § 605(e)(3); *J&J Sports Prods. v. 3705 Iberville LLC*, No. 17-4316, 2018 U.S. Dist. LEXIS 179201, at *9 (E.D. La. Oct. 18, 2018).

purpose of private financial gain, the court may increase the damages by no more than $100,000.[46]

Here, the Court finds that statutory damages in the amount of $5,000 is appropriate. As noted above, Plaintiff met its burden of establishing that the complaint is meritorious. Plaintiff has produced evidence that it would have charged an establishment such as Defendant's, $2,200 to exhibit the Program.[47] In addition, Plaintiff indicates Defendant was displaying the Program to a bar with approximately 43 individuals, but does not indicate Defendant specifically advertised the program.[48] Thus, while, the Court finds that the circumstances here do not warrant the entire amount authorized by the statute, the Court finds an additional $2,800 is reasonable for statutory damages to deter future violations.[49] Thus, the Court **GRANTS** Plaintiff $5,000 in statutory damages.

Further, this case warrants an award of additional damages because Defendant, in receiving the unauthorized satellite signal and displaying the Program, acted willfully and for the purposes of private financial gain. The court finds that an award of additional damages equivalent to double statutory damages is appropriate.[50] Therefore, the court **GRANTS** Plaintiff $10,000 in additional damages.

Finally, because Defendant is liable under § 605, Defendant must also compensate Plaintiff for its reasonable attorney's fees and costs.[51] Plaintiff seeks attorney's fees in the amount of $1,475 for 5.9 hours of work on this case at $250 per hour, and costs in the amount of

---

[46] *Id.* § 605(e)(3)(C)(ii).
[47] *See* Dkt. No. 12-4.
[48] Dkt. No. 12-5.
[49] *See e.g., Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2018 U.S. Dist. LEXIS 1428, at *6 (S.D. Tex. Jan. 4, 2018) (awarding $3,800 to deter future violations of § 605); *J&J Sports Prods. v. Little Napoli, Inc.*, No. H-13-1237, 2014 U.S. Dist. LEXIS 99032, at *8 (S.D. Tex. July 22, 2014) (same).
[50] *See Joe Hand Promotions, Inc. v. Chios, Inc*., No. 4:11-CV-2411, 2012 U.S. Dist. LEXIS 104979, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), aff'd, 544 F. App'x 444 (5th Cir. 2013) (per curiam).
[51] *Id.* § 605(e)(3)(B)(iii).

$475 for filing fees and costs of process.[52] The court finds these requests reasonable. In this District, an hourly rate of $250 is reasonable,[53] as is the amount of hours worked and the costs provided. In addition, although Plaintiff does not specifically request for such, the affidavit of Plaintiff's attorney requests conditional attorney's fees for the occurrence of specific events.[54] The Court also finds this request reasonable.

Therefore, the Court **AWARDS** Plaintiff $1,475 in attorney's fees and $475 in costs for a total of $1975, and conditional fees as follows: $2,500 for the collection of judgment; $5,000 in the event Defendant files a post-judgment motion or pre-appeal motion upon which Defendant prevails; and $15,000 in the event Defendant files an appeal to the Court of Appeals for the Fifth Circuit upon which Defendant prevaisl.[55]

In sum, the Court finds that Plaintiff is entitled to the relief requested in the Complaint, namely Plaintiff is entitled total of **$16,975** in damages, attorney's fees, and costs, as well as conditional fees as outlined.

### IV. HOLDING

For all these reasons, Plaintiff's motion for default judgment against Defendant[56] is **GRANTED**. The Court **GRANTS** Plaintiff a total **$16,975** in damages, attorney's fees, and costs: **$5,000** in statutory damages, **$10,000** in additional statutory damages for Defendant's willful violation, and **$1975** in attorney's costs and fees, as well as conditional fees consistent with this Order.

---

[52] Dkt. No. 12-6 (Affidavit of Jamie King, P.C.).
[53] *See* State Bar of Texas 2015 Hourly Rate Fact Sheet, 12 (2016) https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (providing that the average hourly fee for a lawyer with 20-25 years of experience—as is the case with Plaintiff's counsel *see* Dkt. No. 12-6 p. 1, ¶ 1—is $230 per hour, additionally Plaintiff's counsel has many years of experience with anti-piracy cases).
[54] *See* Dkt. No. 12-6 p. 3, ¶ 7.
[55] *See id.*
[56] Dkt. No. 12.

There being no other claims or causes of action, pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of April, 2019.

Micaela Alvarez
United States District Judge